UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

CURTIS FULLER,

                Plaintiff,                Case No. 2:12-cv-480

v.                                          Honorable Robert Holmes Bell

PATRICIA CARUSO et al.,

                Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Curtis Fuller, a prisoner incarcerated at Ionia Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff sought leave to proceed *in forma pauperis*, and this Court initially granted his motion (docket #5). The Court also ordered Plaintiff to file an amended complaint on the form. Plaintiff filed his amended complaint on January 17, 2013. However, after review of Plaintiff's prior filings in the Western District of Michigan, it has become apparent that leave to proceed *in forma pauperis* was improperly granted. Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will vacate its prior order to proceed *in forma pauperis* and order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is

dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. At least three of Plaintiff's lawsuits have been dismissed as frivolous or for failure to state a claim. *See Fuller v. Gerth et al.*, No. 2:12-cv-368 (W.D. Mich. Nov. 20, 2012); *Fuller v. Huss et al.*, No. 1:12-cv-926 (W.D. Mich. Sept. 28, 2012); *Fuller v. Calvin et al.*, No. 2:00-cv-225 (W.D. Mich. May 29, 2001).[1]

In his amended complaint (docket #6), Plaintiff asserts several claims regarding his designation as a Security Threat Group member from 2000 to 2011 at Alger Correctional Facility (LMF) (2000-2008), Marquette Branch Prison (MBP) (2008-2010) and Ionia Maximum Correctional Facility (ICF) (2010-2011). When Plaintiff arrived at LMF, Plaintiff alleges that LMF Defendants Resident Unit Manager (RUM) McBurney, former Regional Director MacMeekin and Inspector Rutter told Plaintiff that they would hold him in segregation for as long as they could due to his religious beliefs. Plaintiff states that he was denied food, showers and yard-time. He also claims

---

[1] The dismissal in *Fuller v. Calvin et al.*, No. 2:00-cv-225, where some of Plaintiff's claims were dismissed without prejudice and the remaining claims were dismissed for failure to state a claim, counts as a strike for purposes of §1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007); *see also Stone v. Perry,* No. 1:10-cv-423, 2011 WL 1753547, at *5 (W.D. Mich. Jan. 18, 2011) (citing *Pointer*, 502 F.3d at 372-77).

that LMF Defendants RUM McBurney, Warden Bergh and Inspector Rutter "made life hard on him" because of his religious beliefs and for assaulting an officer at another facility. (Compl., docket #6, Page ID#45.) In January 2001, Plaintiff complained to Defendant McBurney that he was being harassed and threatened by McBurney's co-workers to no avail. Plaintiff also feared retaliation from LMF Defendants Rutter and McBurney. On February 5, 2008, Plaintiff was transferred to MBP. While at MBP, Plaintiff complains that he was still designated as STG but does not complain of harassment or retaliation. On November 28, 2010, Plaintiff was transferred to ICF. On December 5, 2010, Plaintiff complained to former ICF Warden Smith that he was being harassed with cell searches and deprivations of work, school and exercise.

Plaintiff's action does not fall under the exception for an inmate under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

The Sixth Circuit has recognized the standard previously adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible)." *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (imminent danger must be contemporaneous with the complaint's filing); *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-danger exception). This is particularly true where, as here, a majority of Plaintiff's allegations pertain to events that occurred at LMF and MBP. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999). Even if Plaintiff's allegations satisfied the imminent danger of serious physical injury exception, his assertions that he faced danger in the past are insufficient to invoke the exception. *See Rittner*, 290 F. App'x at 797-98. Plaintiff's allegations therefore fail to demonstrate that he is in imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff

fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.


Dated: April 30, 2013                                /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503
**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**